# SUPPLEMENT

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

An order of the House of Representatives requiring the opinions of the Justices of the Supreme Judicial Court as to the constitutional authority of the General Court to enact into law a bill, draft of which accompanied a report of the Judicial Council transmitted to the General Court by the Governor, properly calls for an opinion of the Justices under c. 3, art. 2, of the Constitution.

It would be within the constitutional authority of the General Court to enact that any judge of the Superior Court, the Land Court and the Municipal Court of the City of Boston who has served fifteen years or more "may with the approval of the Governor and Council, . . . retire to part time service subject to the call of the" chief or presiding judge of such court; that thereafter the judge so retired shall not be required to serve for more than one half time, shall to the extent of such half time service be subject to the call of the chief or presiding judge of such court and shall receive one half of the full salary; and that such chief or presiding judge may also call upon such retired judge "for more than such half time service if he is able and willing to serve," and, if so serving, that he shall receive a proportionate amount of the salary for full time service.

A provision of a proposed act of the General Court that any judge of the Superior Court, the Land Court, or the Municipal Court of the City of Boston who has reached "the age of seventy years shall retire to" the part time service above described would be violative of the provisions of c. 3, art. 1, of the Constitution and art. 58 of the Amendments to the Constitution.

It would be violative of c. 3, art. 1, of the Constitution and art. 58 of the Amendments to the Constitution for the General Court to enact as follows: "A chief justice of the Superior Court or of the Municipal Court of the City of Boston who has served for fifteen years or more as a justice or chief justice of such court may at any time, and upon reaching the age of seventy shall, retire to the part time service of a justice of such a court [above] described . . . . Upon such retirement a vacancy shall exist in the position of chief justice. A new chief justice shall be appointed and thereafter the duties of such retired chief justice shall be those of a retired justice subject to the call of the chief justice as [above described] . . . and the compensation therefor shall be measured accordingly. The foregoing provision as to chief justices shall apply also to the position of judge of the Land Court."

On March 25, 1930, the House of Representatives adopted the following order:

WHEREAS, There is pending before the General Court a recommendation for legislation, entitled "A Plan for Measured Service and Compensation for Judges of Advancing Age", accompanied by a draft of a bill embodying such recommendation, appearing on pages twelve to seventeen, inclusive, of Public Document No. 144, and also a recommendation to the same effect by His Excellency the Governor, appearing in current Senate Document No. 1, copies of both of which documents are hereto annexed; and

WHEREAS, Doubt exists as to the constitutionality of said bill if enacted into law; therefore be it

ORDERED, That the House of Representatives requires the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important question of law: Has the General Court the constitutional authority to enact the said bill into law?

The order was transmitted to the Justices on March 27, 1930, and on April 15, 1930, they returned the following answer:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question in an order adopted by the House of Representatives on March 25, 1930, and transmitted to them on March 27, 1930, copy whereof is hereto annexed. The question relates to the constitutionality of a proposed bill embodied in the report of the Judicial Council for 1929 and transmitted to the General Court by his Excellency the Governor. Thus it appears that the proposed bill is pending for legislative action. *Opinion of the Justices*, 217 Mass. 607. The proposed bill is short and the constitutional questions involved are obvious without further specifications than are set forth in the order. *Opinion of the Justices*, 239 Mass. 606, 612.

That bill is entitled "An Act to Provide for Part-time Service and Measured Compensation for Judges of Advancing Age." It applies only to judges of the Superior and Land courts and of the Municipal Court of the City of Boston. No other courts or judges are affected by it. The essence of the bill is in § 4. It is provided in that section that any judge of any of these three courts who has served fifteen years or more "may with the approval of the Governor and Council," and any such judge who has reached "the age of seventy years shall, retire to part-time service subject to the call of the" chief or presiding judge of such court. Thereafter the judge so retired shall not be required to serve for more than one half time, shall to the extent of such half time service be subject to the call of the chief or presiding judge of such court and shall receive one half of the full salary. Such chief or presiding judge may also call upon such retired judge "for more than such half-time service if he is able and willing to serve," and, if so serving, he shall receive a proportionate amount of the salary for full time service.

The final provision of the section relates to the chief or presiding judges of those three courts and is in these words: "A chief justice of the Superior Court or of the Municipal Court of the City of Boston who has served for fifteen years or more as a justice or chief justice of such court may at any time, and upon reaching the age of seventy shall, retire to the part-time service of a justice of such court described herein. Upon such retirement a vacancy shall exist in the position of chief justice. A new chief justice shall be appointed and thereafter the duties of such retired chief justice shall be those of a retired justice subject to the call of the chief justice as provided herein and the compensation therefor shall be measured accordingly. The foregoing provision as to chief justices shall apply also to the position of judge of the Land Court."

We interpret the provision respecting retirement of a judge who has served fifteen years with approval of the Governor and Council to mean an optional retirement originating in a request to that end from the judge, and

not to denote a possible forced or involuntary retirement. The words "may . . . retire" in their context have this signification. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 112, 113, 114. We are of opinion that a provision of this nature, if enacted into law, would not contravene any provision of the Constitution. It would be in substance an offer held out by the Commonwealth and accepted by a judge with respect to diminished work to be performed by him presumably because of waning capacity and the diminished compensation to be received therefor. The public welfare would be guarded adequately by the requirement that the arrangement must have the approval of the Governor and Council. This provision would come within the general power of the legislative department of government over courts created by it.

It is plain that the provision as to the retirement to parttime service of a judge on reaching the age of seventy is designed to be compulsory and not optional with the judge. No matter how great might be his physical and mental strength and vigor and energy, such judge would be compelled to retire to part time service and to receive part time pay. He would have no alternative. This is apparent, not only from the use of the word "shall," which in its ordinary significance imports a mandate, but from its use in contrast to the permissive word "may" employed earlier in the same sentence with respect to judges who have served fifteen years. The words with respect to judges who have reached the age of seventy years are words of command and not of choice. They express a positive and inflexible legislative determination. *Decatur* v. *Auditor of Peabody,* 251 Mass. 82, 88. The judge of seventy years may be called for service of more than half time with his own consent, but whether he shall be so called depends upon the volition of the chief or presiding judge of the court. Thus the amount of service beyond half time to be rendered by him would rest in its last analysis solely upon the decision of another. Whether a statute of this tenor is within the scope of legislative power requires examination of certain provisions of the Constitution.

No one of the three courts mentioned in the proposed bill is established by the Constitution. All of them were instituted under the power and authority conferred on the General Court by c. 1, § 1, art. 3, of the Constitution "to erect and constitute judicatories and courts of record, or other courts." As a part of this comprehensive grant of power the General Court may, according to its conceptions of the requirements of the general welfare, regulate and limit and change and transfer from one to another the civil and criminal jurisdiction of those courts. It may abolish existing courts, except the Supreme Judicial Court, and erect others in their place and in its wisdom distribute among them jurisdiction of all justiciable matters subordinate to the one court established by the Constitution. It may settle and increase or diminish the salaries of the judges of courts so erected. The amplitude of this legislative control over such courts, however, is bounded by other provisions of the Constitution. *Commonwealth* v. *Leach*, 246 Mass. 464, 470–471. *Walton Lunch Co.* v. *Kearney*, 236 Mass. 310, 317. *Opinion of the Justices*, 3 Cush. 584. *Commonwealth* v. *Hawkes*, 123 Mass. 525, 528–529. This grant of power to the General Court to erect and constitute courts, broad as it is, does not include the tenure of the judges of such courts. That is fixed by the Constitution itself. It is provided by c. 3, art. 1, of the Constitution that "All judicial officers, duly appointed, commissioned and sworn, shall hold their offices during good behavior, excepting such concerning whom there is different provision made in this constitution: provided nevertheless, the governor, with consent of the council, may remove them upon the address of both houses of the legislature"; "and [according to art. 58 of the Amendments ratified and adopted November 5, 1918] provided also that the governor, with the consent of the council, may after due notice and hearing retire them because of advanced age or mental or physical disability. Such retirement shall be subject to any provisions made by law as to pensions or allowances payable to such officers upon their voluntary retirement." The exception mentioned relates to justices of the peace

and has no bearing upon the present question. The tenure of office of judges as thus settled by the Constitution is imperative and final. It cannot be enlarged, limited, modified, altered or in any way affected by the General Court.

In conformity to this provision of the Constitution the commissions of judges of the courts named in the proposed bill state in substance that the appointee is to hold said trust during his good behavior therein unless sooner removed therefrom in the manner provided in the Constitution.

The provision as to the tenure of all judges of the United States, both of the Supreme and of the inferior courts, in art. 3, § 1, of the Constitution of the United States, is in the same words as those in c. 3, art. 1, of the Constitution of this Commonwealth, viz., that they "shall hold their offices during good behavior." Respecting such inferior courts of the United States, it was said in *Ex parte Bakelite Corp.* 279 U. S. 438 at 449: "They . . . have judges who hold office during good behavior, with no power in Congress to provide otherwise."

The inevitable effect of the part of § 4 of the proposed bill touching compulsory retirement of certain judges is to make something else than good behavior an element in judicial service. It is no imputation on good behavior to become seventy years old. It is no evidence whatever of evil behavior or of want of good behavior to pass the age of three score and ten. Age and good behavior are unrelated subjects. There is no connection between the two. And yet, under the proposed bill the compulsion of half time service and half time pay for judges of the designated courts arises when the age of seventy comes, regardless of every other circumstance or consideration.

Tenure of office during good behavior imports not only the length of the term but also the extent of service. The Constitution in this particular means that judges "shall hold their offices during good behavior," not that they shall hold half of their offices after a certain age and such other fractional part as some other person may determine. The Constitution itself, in the words already quoted, makes two provisions to relieve the judicial service of judges no longer

competent to render efficient service. It contains a specific clause in art. 58 of the Amendments affording the means of retiring a judge "because of advanced age or mental or physical disability." The proposed bill adds another and diverse method to the same end. It would deprive such judge against his will of the right to render full time service for full time pay. That is beyond the power of the legislative department of government. When the Constitution has made definite provision covering a particular subject, that provision is exclusive and final. It must be accepted unequivocally. It can neither be abridged nor be increased by any or all of the departments of government.

There is a further difficulty with both the compulsory and the optional provisions of the proposed bill touching the chief justices of the Superior Court and the Municipal Court of the City of Boston and the judge of the Land Court. Each of those judges by the terms of his commission holds an office in effect making him the presiding judge of the court. Each of those offices is different from that of an associate judge of the same court. This difference is made manifest by the name of the office, by the terms of his commission, by the salary attaching to the office, and by the nature of some responsibilities reposed in the incumbent of the office. *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 72. He cannot under the terms of his commission retire voluntarily or be retired by compulsion to the part time service of an associate judge. That result can be accomplished only by resignation and reappointment as an associate. By the proposed bill he must vacate that office of primacy in his court either on his voluntary retirement or on reaching the age of seventy and in either event a successor must be appointed in his stead. Under the Constitution he cannot be demoted to another office. For reasons already stated, that would be in violation of c. 3, art. 1, of the Constitution as amended by art. 58 of the Amendments. The provisions of art. 58 of the Amendments afford the only way of retiring without their consent these judges because of advanced age. That way excludes all others. It alone can be adopted.

It is our opinion that the provisions of the bill concerning permissive retirement of the judges of the several courts are not in conflict with the Constitution, but that all its provisions for compulsory retirement and for compulsory or voluntary retirement of the chief or presiding judges are in conflict with c. 3, art. 1, as amended by art. 58 of the Amendments of the Constitution.

<div style="text-align: right">

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
JAMES B. CARROLL.
WILLIAM C. WAIT.
GEORGE A. SANDERSON.
FRED T. FIELD.