FRANK I. ANDRADE & others *vs.* CONTRIBUTORY
RETIREMENT APPEAL BOARD & another.

Bristol. February 9, 1966. — March 11, 1966.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Retirement. State Administrative Procedure Act.*

A decision of the Contributory Retirement Appeal Board containing findings of fact and upholding a county retirement board's denial on stated statutory grounds of an application for membership in the county retirement system complied with the requirement of G. L. c. 30A, § 11 (8), that the appeal board state the "reasons for the decision, including determination of each issue of fact or law, necessary" thereto, sufficiently to guide the courts on review under § 14 of the appeal board's decision. [449]

Where a county retirement board under G. L. c. 32, § 3 (2) (d), determined that a deputy sheriff assigned on various days to perform the duties of court officer for which he was paid on a per diem basis was a part time employee not eligible for membership in the county retirement system, and ultimately the employee received a permanent appointment as court officer and became a full time employee but was then over sixty years old, he was ineligible for membership in the system under § 3 (2) (f). [449–450]

PETITION for review filed in the Superior Court on August 4, 1964.

The case was heard by *Gourdin, J.*

*Donald J. Fleming* for the petitioners.

*William J. Fenton* for Bristol County Board of Retirement.

*Herbert E. Tucker, Jr.,* Assistant Attorney General, for Contributory Retirement Appeal Board.

SPIEGEL, J. This is a petition brought pursuant to G. L. c. 30A, § 14, for a review of an adjudication under the provisions of G. L. c. 32, § 16, by the Contributory Retirement Appeal Board (appeal board) which upheld the denial by the Bristol County Board of Retirement (county board) of the applications of the petitioners for membership in the Bristol County Retirement System. The petitioners appeal from a final decree of the Superior Court affirming the decision of the appeal board. The evidence is reported.

The petitioners served as deputy sheriffs of Bristol County for at least seven years up to and including May 1, 1961. While deputy sheriffs they were assigned on various days to perform the duties of court officers for which they were paid on a per diem basis by the county of Bristol. On May 1, 1961, when the petitioners were over sixty years old they received permanent appointments as court officers and applied for membership in the Bristol County Retirement System. The county board denied their applications on the ground that they did not meet the requirements of G. L. c. 32, § 3, specifically § 3 (2) (f), which provides in pertinent part: "No person who enters or who re-enters the service of any governmental unit as an employee after attaining age sixty . . . shall become a member except as otherwise provided for in this section." At a hearing before the appeal board, it was agreed that the petitioner Burnside "was not [prior to 1961] a member in the service of any position of the county entitled to any retirement benefits." We note that all of the petitioners were in the same situation. The appeal board found that the petitioners were part time employees prior to their appointment as salaried court officers and that they were over sixty years of age when they became salaried employees. The appeal

board also found that the county board had the authority to determine the eligibility of the petitioners for membership in the retirement system. The judge affirmed the decision of the appeal board, and ruled that "As part time men they [the petitioners] had not been eligible for membership in any retirement system. Therefore as a matter of law they are not entitled to the 'late entry' provisions."

The petitioners contend that the appeal board failed to state "reasons for the decision, including determination of each issue of fact or law necessary to the decision" as required by G. L. c. 30A, § 11 (8). The appeal board upheld the action of the county board which applied G. L. c. 32, § 3 (2) (f), to bar the petitioners from membership. The appeal board also made findings of fact supporting that decision. We are of opinion that the appeal board gave a sufficient " 'guide to its reasons' so that this court may 'exercise . . . [its] function of appellate review.' " *Hamilton* v. *Department of Pub. Util.* 346 Mass. 130, 137.

The petitioners contend that because they "were employees of Bristol County prior to their sixtieth birthday" they are not barred by G. L. c. 32, § 3 (2) (f), from membership in the retirement system. Consequently, they argue that they are entitled to become members under G. L. c. 32, § 3 (3), which provides in part: "any employee who, having or having had the right to become a member [of any retirement system], failed to become . . . a member, may apply for and be admitted to membership if under the maximum age for his group on the date of his application."

Since it is clear that the petitioners had no right to become members of the retirement system prior to age sixty, the issue is whether they had a right to membership after that age. The respondents argue that as part time workers the petitioners were not "employees" for the purposes of G. L. c. 32, § 3 (2) (f), prior to attaining age sixty.

An "employee" of a political subdivision is defined by G. L. c. 32, § 1, as "any person who is regularly employed in the service of any such political subdivision." "Regularly employed" is nowhere expressly defined, but G. L.

c. 32, § 3 (2) (a) (iv), refers to persons "regularly employed, as determined by the [county] board as provided for in paragraph (d) of this subdivision, on a part-time . . . basis." Section 3 (2) (d) provides: "In all cases involving part-time . . . employment or service of any employee in any governmental unit . . . the board shall have and exercise full jurisdiction to determine such employee's eligibility for membership."

In the case of *Essex County Retirement Bd.* v. *North Andover,* 349 Mass. 233, relied on by the petitioners, we held that the provision of § 3 (2) (f) for compulsory retirement did not apply to part time workers who were not eligible for membership in the retirement system. The county board having exercised its discretion in determining that a part time worker is not eligible for membership in the retirement system it follows, therefore, that such an employee, who after the age of sixty becomes a full time employee, is ineligible for membership in the retirement system under § 3 (2) (f). There was no error.

*Decree affirmed.*