ARCHIBALD J. BURNSIDE *vs.* BRISTOL COUNTY BOARD OF
RETIREMENT.

Bristol.   February 7, 1967. — May 1, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Retirement. Constitutional Law,* Separation of powers, Judicial officer,
Retirement. *Court Officer.*

There is no "exercise [of] the . . . judicial powers" in contravention of
art. 30 of the Declaration of Rights of the Massachusetts Constitution
through a statutory fixing of the age for mandatory termination of the
services of a court officer or through the administration of such statute
by an executive agency.   [482–483]
A deputy sheriff assigned on various days to perform the duties of a court
officer for which he was paid on a per diem basis was not an "em-
ployee" of the county within §§ 1, 20 (5) (e) of the retirement law,
G. L. c. 32, and first "entered . . . the service of" the county as an
"employee" within § 20 (5) (e) when subsequently he was appointed a
court officer after attaining the age of sixty years; and, although he
was denied membership in the county retirement system, his service as a
court officer was subject to mandatory termination under § 20 (5) (e)
when he reached the age of seventy.   [483–484]
Mandatory termination of the service of a court officer under G. L. c. 32,
§ 20 (5) (e), by reason of his attaining the age of seventy is not pre-
cluded by c. 221, § 72.   [484–485]

BILL IN EQUITY filed in the Superior Court on June 4, 1964.
The suit was heard by *Gourdin, J.*

*Donald J. Fleming* for the plaintiff.
*William J. Fenton* for the defendant.

SPIEGEL, J.   This is a bill to enjoin the defendant from
terminating the plaintiff's employment. The case was
heard on a statement of agreed facts. A final decree
was entered dismissing the bill from which the plaintiff
appealed.

The plaintiff was born on June 25, 1894, and was ap-
pointed a deputy sheriff on January 4, 1939, for a period of
six years. He was reappointed to that position every six
years until May 4, 1961, at which time he was appointed a

court officer effective May 8, 1961, under G. L. c. 221, § 70, as amended by St. 1960, c. 719. As deputy sheriff "he was assigned on various days . . . to attend sessions of the Supreme Judicial Court and the Superior Court . . . for which services he was paid compensation based on a per diem basis for each day he served in court." During his service as deputy sheriff he served "approximately" from between 52 and 150 days per year on this basis.

The plaintiff was denied membership in the Bristol County retirement system. *Andrade* v. *Contributory Retirement Appeal Bd.* 350 Mass. 447. Acting pursuant to G. L. c. 32, § 20 (5) (e), the Bristol County Board of Retirement (board) notified the plaintiff "that his services as a court officer would terminate as of June 30, 1964. The sole reason for this action was that the . . . [plaintiff] would be seventy years old as of June 25, 1964."

1. The plaintiff argues first that his removal from office is a judicial act which cannot be exercised by the Executive without violating art. 30 of the Declaration of Rights. In support of his argument he cites G. L. c. 37, § 16, which requires sheriffs to attend all sessions of the Superior Court in their respective counties "by themselves or by their deputies" and G. L. c. 221, § 70, which authorizes certain sheriffs to delegate their duty to salaried court officers.

As the plaintiff concedes in his brief, there is a distinction between "judicial officers whose sole function it is to determine rights and duties . . . [and] another class of officers to carry into effect the decisions and decrees made by the courts." This latter class of officer is certainly not a "judicial officer" within the meaning of Part 2, c. 2, § 1, art. 9, or Part 2, c. 3, art. 1 of the Massachusetts Constitution whose retirement could not be compelled by statute. See *Opinion of the Justices,* 271 Mass. 575, 578–582.

It is established that the courts may properly inquire into the fitness of certain officers (see *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 480; *Attorney Gen.* v. *Pelletier,* 240 Mass. 264, 296; *Massachusetts Bar Assn.* v. *Cronin,* 351 Mass. 321), and that "[t]his power of removal is judicial in the

sense that it is incidental to the performance of the judicial functions of the court." *Opinion of the Justices,* 300 Mass. 596, 598. But this is not to say that the Legislature may not set terms of office and the age for retirement of such officers and set up an agency to be administered by the Executive which is empowered to determine, subject to normal channels of judicial review, whether a State employee who is also a court officer has reached the statutory retirement age. The Legislature, by determining the age for retirement and other general qualifications for such officers, and the Executive, by administering such laws, do not "exercise the . . . judicial powers" in contravention of art. 30 of the Declaration of Rights.

2. The plaintiff argues that he "does not fall within the purview of the language of G. L. c. 32." Section 20 (5) of that statute provides in part, "The board of each such system shall keep a record of the date of birth of each member of the system, and also shall keep . . . [such record for] each other employee who entered or re-entered the service of the governmental unit to which such system pertains after attaining age sixty and after the date when the system became operative therein. . . . [The board shall] notify each such . . . employee . . . of the date when such . . . employee will attain the maximum age for his group, and such . . . employee shall not be employed in any governmental unit after such date . . . ."

The plaintiff contends that he did not "enter or re-enter" the service of Bristol County after attaining the age of sixty because he has "been employed in the same capacity by Bristol County since 1939." He urges that "[t]he essential characteristic of employment is the duties of the employee. Whether an employee is salaried or paid on a per-diem basis is an accidental matter and has little effect on the legal status of employment."

But the "legal status of employment" in this case is governed by statute. General Laws c. 32, § 1, defines "employee" as "any person who is regularly employed in the service of any . . . political subdivision." We had occa-

sion in *Andrade* v. *Contributory Retirement Appeal Bd.* 350 Mass. 447, 449–450, to consider the effect of this definition on the status of this plaintiff. We upheld the decision of the board that the plaintiff was not eligible for membership in the Bristol County retirement system. The board had exercised its discretion under G. L. c. 32, § 3 (2) (d), to determine that the plaintiff was not eligible for membership in the retirement system. The basis for that decision was, necessarily, that prior to the appointment of the plaintiff as a court officer, he was not an "employee" for the purposes of G. L. c. 32, § 3 (2) (f), because he was not "regularly employed." Hence he was not eligible to join the system under the provisions of § 3 (3).

It follows that since the plaintiff was not an "employee" of Bristol County within the definition of G. L. c. 32, § 1, at the time of his appointment as a court officer in May, 1961, he "entered or re-entered" the service of Bristol County as of that date.[1]

The plaintiff cannot rely on *Essex County Retirement Bd.* v. *North Andover,* 349 Mass. 233, 236, because the reason for his ineligibility for membership in the retirement system is his entry into employment after the age of sixty. Only if the position currently held by the plaintiff disqualified him for membership in the system would the *Essex* case protect him from mandatory retirement.

3.   The plaintiff also argues that G. L. c. 221, § 72,[2] prevents his retirement because his "removal must be approved by the Justices of the Superior Court; and, having failed to do so, the attempt to terminate the . . . [plaintiff's] employment is a nullity." We do not agree.

---

[1] We are puzzled by the plaintiff's assertion in his brief that the *Andrade* case holds that the plaintiff "was an employee of Bristol County prior to his sixtieth birthday." Perhaps the confusion is due to the use of the word "employee" in G. L. c. 32, § 3 (2) (d), to describe even part time workers whom the board must pass upon to determine their eligibility for the retirement system. But the controlling section is § 1 where employee is defined for the purposes of the statute.

[2] The section provides in material part, "[C]ourt officers . . . shall hold office during good behavior and until they are removed by the sheriff . . . for cause approved by the justices of the court for attendance upon which they were appointed."

Compulsory retirement of employees of a political subdivision is governed by G. L. c. 32, § 5. Even though superannuation would not be a breach of good behavior, the tenure of court officers is set by the Legislature and not by the Constitution. Cf. *Opinion of the Justices,* 271 Mass. 575, 580. The statute requires the retirement of court officers for superannuation in accordance with the condition set forth therein. The effect of G. L. c. 221, § 72, is to permit the earlier removal of such an officer for cause.

*Decree affirmed.*