OPINION OF THE JUSTICES TO THE COUNCIL.

*Sheriff. Council. Words,* "Judicial officer."

A sheriff is not a "judicial officer" within the provision of Part II, c. 2,
    § 1, art. 9, of the Massachusetts Constitution for appointment of "All
    judicial officers" by the Governor with the consent of the Council.
    [803]
Under G. L. c. 54, § 142, as affected by St. 1964, c. 740, §§ 1, 3, an ap-
    pointment by the Governor to fill a vacancy in the office of sheriff does
    not require the advice and consent of the Council. [803]

On February 13, 1968, the Justices submitted the follow-
ing answer to a question propounded to them by the Council.

To the Honorable Council of the Commonwealth of Massa-
chusetts:

The Justices of the Supreme Judicial Court respectfully
submit this answer to the question contained in an order of
the Honorable Council adopted on February 6, 1968, and
transmitted to us on February 8, 1968.

The order recites that there exists a vacancy in the office
of Sheriff of Suffolk County due to the death of Sheriff
Frederick R. Sullivan; that formerly under Part II, c. 2,
§ 1, art. 9 of the Constitution and art. 19 of the Amend-
ments, "[t]he appointment to the office of Sheriff of a
County by the Governor required the advice and consent
of the Council"; that G. L. c. 54, § 142, "provides for the
appointment of a Sheriff with the advice and consent of the
Council"; and that St. 1964, c. 740, repealed certain statu-
tory powers of the Council.

The question is: "Whether the appointment of an in-
dividual to the office of Sheriff of a County by the Governor
of the Commonwealth requires the advice and consent of the
Council as set forth in Chapter 2, Article IX of the Con-
stitution of the Commonwealth and Article XIX of the
Amendments to the Constitution since the enactment of
Chapter 54, Sec. 142 of the G. L. and the subsequent enact-

ment of Chapter 740 of the Acts of 1964, repealing certain statutory powers of the Governor's Council."

Part II, c. 2, § 1, art. 9, originally provided in material part, "All judicial officers, [the attorney-general,[1]] the solicitor-general, [all sheriffs,] coroners, [and registers of probate,] shall be nominated and appointed by the governor, by and with the consent of the council . . . ." Article 19 of the Amendments, which became effective on May 23, 1855, provided, "The legislature shall prescribe, by general law, for the election of sheriffs, registers of probate, [commissioners of insolvency,[2]] and clerks of the courts, by the people of the several counties, and that district-attorneys shall be chosen by the people of the several districts, for such term of office as the legislature shall prescribe."

As the office of Sheriff became elective under art. 19, subsequent to the effective date of that amendment there would be no occasion to appoint a Sheriff unless that office became vacant during an unexpired term. The General Court provided for that eventuality in G. L. c. 54, § 142, the wording of which in material part is, "Upon a vacancy in the office of . . . sheriff, the governor with the advice and consent of the council may appoint some person thereto until a . . . sheriff is qualified." The effect of this language was qualified by St. 1964, c. 740, § 3, which, so far as pertinent, provides, ". . . except as required by the constitution of the commonwealth, so much of each provision of the General Laws . . . as requires the advice and consent of the council to any appointment in the executive department . . . is hereby repealed." The definition of "executive department" in c. 740, § 1,[3] plainly includes the office of Sheriff.

---

[1] The Attorney General was taken out by art. 17 of the Amendments.

[2] Commissioners of insolvency were taken out by art. 36 of the Amendments.

[3] "As used in this act, the phrase 'executive department' shall include, without limitation, all departments, divisions, boards, bureaus, commissions, institutions, councils and offices of state government and of county government, and any instrumentality or agency within or under any of the foregoing, whether or not serving under the governor or under the governor and council, and any independent authority, district, commission, instrumentality or agency, but expressly excluding therefrom the legislative and judicial departments and any instrumentality or agency of a city or town."

Appointments to the judicial department which under Part II, c. 2, § 1, art. 9, require the advice and consent of the Council are unaffected by St. 1964, c. 740. There is no constitutional provision which requires such approval for appointments to the office of Sheriff. A Sheriff is neither a judicial officer within the meaning of the term in Part II, c. 2, § 1, art. 9, or Part II, c. 3, art. 1, of the Constitution nor even an employee of the judicial department. As emphasized in *Burnside* v. *Bristol County Bd. of Retirement,* 352 Mass. 481, 482, there is a distinction, on the one hand, between judicial officers whose function is to determine rights and duties and, on the other hand, those officers whose function is to carry into effect decisions, decrees, and orders made by the courts. A Sheriff is in the latter category, as is a Clerk of the Courts. *Commonwealth* v. *Connolly,* 308 Mass. 481, 490.

The appointment of a Sheriff by the Governor to fill a vacancy therefore does not require the advice and consent of the Council. We answer "No" to the question.

> RAYMOND S. WILKINS
> JOHN V. SPALDING
> ARTHUR E. WHITTEMORE
> R. AMMI CUTTER
> PAUL G. KIRK
> JACOB J. SPIEGEL
> PAUL C. REARDON