OPINION OF THE JUSTICES TO THE GOVERNOR.

*Judge. Supreme Judicial Court,* Justice's pension. *Retirement.*

One, who served as a special justice of the Municipal Court of the City of Boston prior to July 31, 1956, and who, less than thirty days after the cessation of such service and after July 31, 1956, was appointed an associate justice of the Supreme Judicial Court and served as such for at least ten years, need not resign the office of associate justice within thirty days after attaining the age of seventy years in order to be entitled to a pension under G.L. c. 32, § 65A, as amended through 1969, but might continue in office after attaining that age and, upon resigning at any time thereafter, be entitled to such pension. |908, 911|

An associate justice of the Supreme Judicial Court who, without prior judicial service, was appointed to that office after July 31, 1956, had served at least fifteen years, and was more than sixty-five but less than seventy years of age, need not resign his office before reaching age seventy in order to be entitled to a pension under G. L. c. 32, § 65A, as amended through 1969, but would be entitled to such pension upon resigning his office within thirty days after reaching age seventy. |908, 911–912|

On December 20, 1971, the Justices submitted the following answers to questions propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The undersigned Justices of the Supreme Judicial Court respectfully submit their answers to the questions set forth in your request dated December 6, 1971, and submitted to the Justices on December 9, 1971. The request states that the Executive Secretary to the Justices of the Supreme Judicial Court has informed the Governor of problems concerning the application of G. L. c. 32, §§ 65A and 65C, to Associate Justices of this court. It states further that the Governor regards these problems as potentially serious in nature and therefore seeks the opinion of the Justices.

The questions are as follows:

"1. Where an associate justice of the Supreme Judicial Court was appointed to such office after July 1, 1956, and has served therein for at least ten years, and where he served as a special justice of the Municipal Court of the city of Boston for a period commencing before July 31, 1956, and ending less than thirty days before his appointment as associate justice of the Supreme Judicial Court, must he resign his office within thirty days after attaining the age of seventy years in order to be entitled to receive a pension for life at an annual rate equal to three fourths of the annual rate of salary payable to him at the time of his resignation, or may he continue in office after such time and, upon resigning thereafter, be entitled to receive a pension for life at such annual rate?

"2. Where an associate justice of the Supreme Judicial Court was appointed to such office after July 31, 1956, and prior thereto held no judicial office, and where such justice has served at least fifteen years and is between the age of sixty-five years and the age of seventy years, must he resign his office before attaining the age of seventy years in order to be entitled to receive a pension for life at an annual rate equal to three fourths of the annual rate of the salary payable to him at the time of his resignation, or may he resign his office within thirty days after attaining the age of seventy years and, upon so resigning, be entitled to receive a pension at such annual rate?"

By virtue of our Constitution, judges in Massachusetts hold their offices "during good behavior." Part II, c. 3, art. 1. See art. 29 of the Declaration of Rights. A judicial officer of course need not serve for life but may resign at any time. See *Opinion of the Justices*, 271 Mass. 575, 577–578. He may also be retired in certain circumstances under art. 58 of the Amendments to the Constitution. With respect to judges who may resign or be retired from office, the Legislature has specified in G. L. c. 32, §§ 65A and 65B, circumstances in which a judicial officer shall be entitled to

receive a pension for the remainder of his life. The first section governs pensions for all judges other than special justices of the Municipal Court of the City of Boston and of any District Court and special judges of probate and insolvency. The second section covers these classes of special justices and special judges. For the present purpose, we deal only with § 65A since the questions propounded concern whether Associate Justices of this court will be entitled to pensions.

Section 65A has been in substantially the form in which it now appears since 1956 when the Legislature amended the section in such a way as to encourage judges to retire upon attaining the age of seventy. St. 1956, c. 670. See 1956 House Doc. No. 2620, at pp. 32–33, for the bill as filed. The legislation was drafted by the Judicial Survey Commission whose report was submitted with the original bill. *Id.* at pp. 34–111. The Commission indicated that, while it felt judges ought to retire at age seventy for the general good, it recognized at least the unfairness of making judges then sitting choose between retiring at seventy, with a pension, and continuing in office, at the expense of losing their pension. The Commission therefore recommended that only judges appointed after July 31, 1956, be put to this choice. *Id.* at p. 45. The Legislature in any event accepted the Commission's recommendation on this matter. Compare St. 1956, c. 670, with 1956 House Doc. No. 2620, at pp. 32–33. It is also apparent that subsequent amendments have refined the changes made by St. 1956, c. 670, but have not altered the basic purpose of encouraging judges appointed after July 31, 1956, to retire at age seventy. See St. 1958, c. 341, § 1; St. 1964, c. 551; St. 1968, c. 702; St. 1968, c. 765; St. 1969, c. 513, § 1; and St. 1969, c. 859, § 4.

As amended through 1969, G. L. c. 32, § 65A, provides in pertinent part as follows: "A chief justice, justice, associate justice, judge or associate judge . . . appointed to any judicial office on or before July thirty-first, nineteen hun-

dred and fifty-six, who, after having served in any such office or offices at least ten years continuously, notwithstanding that this continuous service may involve one or more appointments made subsequent to July thirty-first, nineteen hundred and fifty-six, and having attained the age of seventy years, or who, after having served in any such office or offices at least twenty years continuously, notwithstanding that this continuous service may involve one or more appointments made subsequent to July thirty-first, nineteen hundred and fifty-six, and having attained the age of sixty-five years, and a chief justice, justice, associate justice, judge or associate judge . . . appointed to any judicial office after July thirty-first, nineteen hundred and fifty-six who after having served in any such office or offices at least fifteen years continuously and having attained the age of sixty-five years but not after having attained the age of seventy years, shall resign his office, shall thereupon be entitled to receive a pension for life at an annual rate equal to three fourths of the annual rate of salary payable to him at the time of such resignation, to be paid from the same source and in the same manner as the salaries of like judicial officers of his court are paid. For the purposes of this paragraph a year of previous service as a special justice shall be computed by dividing the number of days of actual sittings in such capacity by three hundred, whether or not such sittings occurred in one calendar or fiscal year. A chief justice, justice, associate justice, judge or associate judge . . . shall be deemed to have served continuously, although a period not in excess of thirty days shall have intervened between the holding of one judicial office and the holding of another judicial office.

"A chief justice, justice, associate justice, judge or associate judge . . . appointed to his office after July thirty-first, nineteen hundred and fifty-six, and to whom the provisions of the preceding paragraph are not applicable, who, after having served in any such office or offices at least ten years continuously and having attained the age of seventy

years, shall resign his office at any time within thirty days thereafter shall thereupon be entitled to receive a pension for life at an annual rate equal to three fourths of the annual rate of salary payable to him at the time of such resignation, to be paid from the same source and in the same manner as the salaries of like judicial officers of his court are paid."

With respect to an Associate Justice such as described in question 1, we believe that the first of the two excerpted paragraphs applies. Special justice is a judicial office within the meaning of G. L. c. 32, § 65A, as amended by St. 1964, c. 551. Cf. *Burnside* v. *Bristol County Bd. of Retirement*, 352 Mass. 481, 482; *Opinion of the Justices*, 353 Mass. 801, 803. Prior to the enactment of St. 1968, c. 702, there may have been doubt that an Associate Justice with prior service as a special justice of a Municipal or a District Court had served "continuously" if there were any interruption between his leaving of the one office and his assumption of the other. We conclude, however, that St. 1968, c. 702, removed any such doubt in defining continuous service to allow a period of interruption "not in excess of thirty days." Therefore, as long as the period between offices is thirty days or less, a judge first appointed to any judicial office, including that of a special justice, prior to July 31, 1956, and presently holding an office subject to G. L. c. 32, § 65A, may retire at any time after attaining the age of seventy and be entitled to a pension at three-fourths of the annual rate.

With respect to an Associate Justice such as described in question 2, we note that any doubt which may arise stems from the enactment of St. 1969, c. 513, § 1. By virtue of this amendment, an Associate Justice appointed after July 31, 1956, with fifteen years of continuous judicial service may retire upon attaining the age of sixty-five and be entitled to a pension at three-fourths of the annual rate. He retains this right until attaining the age of seventy. The question is whether an Associate Justice subject to this provision must resign before attaining the age of seventy in

order to receive a pension. We conclude that, in enacting St. 1969, c. 513, § 1, the Legislature did not mean to exclude judges with fifteen years service from the general provisions governing appointees named after July 31, 1956, but meant only to give them the option of retiring earlier with a pension. A judge appointed after July 31, 1956, therefore, who is eligible to retire with a pension before attaining age seventy, may nonetheless resign effective as of a date within thirty days after his seventieth birthday and receive a pension at three-fourths of the annual rate.

For the reason that they may be directly concerned, Mr. Justice Cutter and Mr. Justice Spiegel have asked to be excused from answering these questions. See *Opinion of the Justices,* 334 Mass. 765, 771.

<div align="right">

G. JOSEPH TAURO.
PAUL C. REARDON.
FRANCIS J. QUIRICO.
ROBERT BRAUCHER.
EDWARD F. HENNESSEY.