FORREST RHODES *vs.* BOARD OF STATE EXAMINERS OF PLUMBERS. January 9, 1976. The plaintiff, a licensed plumber, was the subject of two complaints filed with the Board of State Examiners of Plumbers (the board) which charged him with installing a gas-fired hot water heater without a gas permit (prohibited by § 2.1 of the Massachusetts Code for Installation of Gas Appliances and Gas Piping) and "using deceit and malpractice" in removing an inspection approval tag from an approved gas installation and placing it on a gas-fired hot water tank which had not been tested or inspected (prohibited by G. L. c. 112, § 61). At the hearing before the board, conducted pursuant to G. L. c. 142, §§ 3 and 6, there was conflicting evidence whether the plaintiff was the person responsible for the alleged offenses. Thereafter, the board duly notified the plaintiff that his master license and his journeyman license were being suspended indefinitely, but did not specify the reasons for its decision. On a petition for review, brought pursuant to

G. L. c. 30A, § 14, the Superior Court affirmed the decision of the board and dismissed the plaintiff's action ruling, inter alia, that although the board did not explicitly state the reasons for its decision, it made "subsidiary findings" which sufficiently apprised the reviewing court of its reasons. Our review of the record has revealed no subsidiary findings, nor indeed any findings, made by the board pursuant to G. L. c. 30A, § 11(8), which would give "a sufficient 'guide to its reasons so that this court may exercise ... [its] function of appellate review.'" *Andrade* v. *Contributory Retirement Appeal Bd.* 350 Mass. 447, 449 (1966). *Hamilton* v. *Department of Pub. Util.* 346 Mass. 130, 137 (1963). Since we therefore have "no way of knowing what facts ... [were] found to exist and whether, in reaching its general conclusion ... [the board] applied correct principles of law to the facts found by it" *(School Comm. of Chicopee* v. *Massachusetts Comm. Against Discrimination,* 361 Mass. 352, 355 [1972], citing *New York Cent. R.R.* v. *Department of Pub. Util.* 347 Mass. 586, 593 [1964]), the judgment is reversed and an order is to be entered remanding the case to the board for the purpose of complying with the requirements of § 11(8) and for such other proceedings as may be appropriate and consistent with this opinion. The Superior Court is to retain jurisdiction over the further proceedings of the board.

*So ordered.*

*Gerald Rodman* for the plaintiff.
*Michael Eby,* Assistant Attorney General, for the defendant.