Forte, J.
This is an action in contract in which the plaintiff-buyer seeks to recover an $18,000.00 deposit paid under a written agreement to purchase a house to be built and sold by the defendant. The defendant filed a counterclaim to retain the deposit as liquidated damages for the plaintiffs alleged breach of the agreement, and to recover the amount of additional building expenses allegedly incurred.
The trial court allowed the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 56 motion, and entered judgment for the plaintiff on both the plaintiffs complaint and the defendant’s counterclaim, from which judgment the defendant has appealed.
There was no error.
The parties’ purchase and sale agreement stated that delivery of the deed was to occur on February 8,1989, and expressly provided that “[i]t is agreed time is of the essence of this agreement”
Clause 10 of the agreement stated:
If the seller shall be unable to give title or to make conveyance or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then any payments made hereunder this agreement shall be refunded and all other obligations of the parties hereto shall cease and this agreement shall be void and without recourse to the parties hereto, unless the seller elects to use reasonable efforts to remove any defects in title, or to deliver possession as herein provided, or to make the said premises conform to the provisions hereof, as the case may be, in which event the seller shall give written notice thereof to the buyer at or before the time for performance thereunder, and thereupon the time for performance shall be extended for a period of thirty days, (emphasis supplied).
Two days before the scheduled date for conveyance, the defendant wrote to the plaintiff as follows:
Mr. Cramer, this will serve as notice of our intention to extend time for closing as provided in paragraph 10 of the Purchase and Sale agreement between the above named parties, and dated November 10,1988; the new date set for closing will be extended until March 7,1989 at 4:00 p.m.
As we have discussed this matter on several occasions this extension should not be a surprise to you. The reason we find it necessary to extend the time for closing is thatvou have indicated on several occasions vour intention to extend the time for closing, however vou have failed to send written notice of such extension as required bvthe Purchase and Sale agreement. If the new date set for closing is not convenient for you or if you desire to further extend *46 the date for closing then please contact me as soon as possible so that we may make provisions for such extension.
All other terms of the original Purchase and Sale agreement will remain in force (emphasis supplied).
The plaintiff responded the next day stating he did not accept the continuance and informingthedefendantthathehad two alternatives: (1) to consider the purchase and sale agreement terminated and return the plaintiffs deposit, or (2) to negotiate a new agreement.
To this, the defendantreplied on February 17,1989 that as the plaintiff had “elected not to enter into an extension” for the closing, the defendant intended to exercise its rights under paragraph 19 of the purchase and sale agreement and retain the deposit as liquidated damages if the plaintiff did not purchase the property on March 7,1989.
Although the defendant had the option of extending the closing date for thirty days for the purpose of “using reasonable efforts to make the premises conform,” his sole reason for the extension as indicated in his letter was that he believed the plaintiff wanted an extension. This expressed reason gave the defendant no right to extend pursuant to paragraph 10 of the parties’ agreement.
As of February 8th, the buyer had a commitment for only a $60,000.00 mortgage with no showing in the reported evidence of the availability of $212,000.00, the purchase price balance.
Neither party madeatenderonFebruary8,1989. Because there was no agreement to extend the performance and time was of the essence, the agreement terminated, Greenberg v. Lannigan, 263 Mass. 594 (1928), and the buyer became entitled to a refund of his deposit Devine v. Williams Bros. of Marshfield, 4 Mass. App. Ct. 767 (1976).
Report dismissed.