Ullmann, Robert L., J.
INTRODUCTION
The Contributory Retirement Appeal Board (“CRAB”) ruled that nine weeks of full-time work in 2001 qualified a Stoneham town employee for membership in the town’s contributory retirement system during her many years of subsequent part-time work, even though part-time employees are lawfully excluded from participation in the town’s retirement system. CRAB’s decision involved its interpretation of what CRAB aptly describes as the “sometimes overgeneralized . . . ‘once a member, always a member’ rule,” A. 104,[1] as applied to G.L.c. 32, the statute governing all city, town and county contributory retirement systems. Because CRAB’s interpretation of the statute was erroneous under the facts of this case, the Court reverses CRAB’s decision and reinstates the decision of the plaintiff Stoneham Retirement Board (the “Stoneham Board”).
RELEVANT FACTS AND PROCEEDINGS
The relevant facts are undisputed. In the late 1970s, defendant Christine DeFelice taught second grade in the Wakefield public schools and was a member of the state’s Teachers Retirement System. A. 109. When that job ended, she withdrew her retirement contributions. Id.
Twenfy years later, in 1999, DeFelice worked part-time for the Boxford public schools as a technology teacher, and again became a member of the Teachers Retirement System. A. 109-110. In November 2000, DeFelice began working for the Stoneham public schools as a technology specialist. A. 110. She was hired to work 19.5 hours per week, which she did until April 23, 2001. Id. During this time, DeFelice asked to participate in the Stoneham Retirement System, but the Stoneham Board denied her request on grounds that part-time employees were not eligible for membership in its system. Id.
On April 23, 2001, DeFelice began working a second job in the Stoneham public schools, filling a vacancy at a second school until a permanent replacement could be found. Id. She worked a total of 30 hours per week at both jobs until the end of the school year, roughly nine weeks. Id.
Since September 2001, DeFelice has worked part-time, as defined by the Stoneham Retirement System, with veryfew exceptions. Id. From approximately November 2001 through November 2003, DeFelice worked over 30 hours per week for a total of three pay periods. Id. Effective September 24, 2005, the Stoneham Board reduced the part-time eligibility requirement for membership in its retirement system from 30 hours per week to 20 hours per week. Id. Between February 2004 and June 2009, DeFelice worked more than 20 hours per week for a total of five pay periods.[2] Id.
In July 2009, DeFelice wrote to the Public Employee Retirement Administration Commission (“PERAC”), inquiring about her eligibility for membership in the Stoneham Retirement System, and received a response indicating that she was eligible. A. 110-111. The Stoneham Board reviewed PERAC’s response at its August 25, 2009 meeting, and concluded that DeFelice was not and had never been eligible for membership in its retirement system. A. 111. In June 2010, DeFelice provided documentation to the Stone-ham Board of her nine weeks of full-time work in the Stoneham public schools in the spring of2001. Id. The Stoneham Board initially determined that DeFelice was not eligible for membership in the retirement system during those nine weeks because she had increased her hours only temporarily. Id.
DeFelice appealed to the state Division of Administrative Law Appeals (“DALA”). Id. On August 10, 2010, while DeFelice’s appeal to DALA was pending, the Stoneham Board reconsidered its earlier denial of her entiy into membership and voted to grant her retroactive membership for the nine-week period from April 23, 2001 through the end of the 2000-2001 school year, but not for her subsequent years of service. A. 111-112. DeFelice again appealed to DALA. A. 112.
On June 21, 2013, a first administrative magistrate of DALA rescinded the Stoneham Board’s August 12, 2011 decision and ordered the Stoneham Board to recognize DeFelice’s membership in its retirement system throughout her entire period of service with the Stoneham public schools. A. 108-118. The Stoneham *608 Board appealed to CRAB, which affirmed DALA’s decision on January 16, 2014. A. 103-106.
The Stoneham Board then appealed to this Court, pursuant to G.L.c. 30A, §14. The Court heard oral argument on December 2, 2014, at which counsel for the Stoneham Board and DeFelice appeared. The Court subsequently requested that defendant CRAB participate in the proceedings, and further oral argument was presented on April 3, 2015, by all parties.
DISCUSSION
The Legal Standard
Pursuant to G.L.c. 30A, §14(7), this Court may reverse, remand, or modify an agency decision only if the decision is “based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.” Massachusetts Inst. of Tech. v. Department of Pub. Utils., 425 Mass. 856, 867-68 (1997). The appellant bears the burden of demonstrating the invalidity of CRAB’s decision. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). Factual disputes and matters of credibility are for the agency, not this Court, to resolve. Greater Media, Inc. v. Department of Public Utilities, 415 Mass. 409, 417 (1993).
To the extent that CRAB’s determination involves a question of law, it is subject to de novo judicial review. Bristol County Retirement Bd. v. Contributory Retirement Appeal Bd., 65 Mass.App.Ct. 443, 451 (2006). The Court is required to “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). However, the court must reverse an agency’s erroneous interpretation of its statutory authority. Bristol County Retirement Bd., 65 Mass.App.Ct. at 451.
Application of the Legal Standard
G.L.c. 32, titled “Retirement Systems and Pensions,” governs the state employees’ retirement system, the teachers’ retirement system, and all county, cify and town contributory retirement systems. G.L.c. 32, §2. In this case, CRAB focused primarily on G.L.c. 32, §3(l)(a)(i), which defines “member in service,” and G.L.c. 32, §3(2)(d), which gives retirement boards the authority to determine the eligibility of part-time employees.[3] Perceiving a conflict between these two provisions, CRAB ruled that the “provisions of G.L.c. 32, §3(1) (a) (i), providing that the status of a member in service ‘shall continue’ until his separation from service, must govern.” A. 103-104. In other words, CRAB ruled that the statutory definition of a “member in service” trumped the statutory provision allowing retirement boards to determine membership eligibility of part-time employees.
This Court does not perceive a meaningful conflict between the two provisions under the facts of this case. G.L.c. 32, §3(2)(d) provides in pertinent part:
In all cases involving part-time, provisional, temporary, temporary provisional, seasonal or intermittent employment or service of any employee in any governmental unit, including such employment or service of any state official, the board shall have and exercise full jurisdiction to determine such employee’s eligibility for membership . . .
(Emphasis added.) This provision is explicit and unambiguous. It gives town retirement system boards such as the Stoneham Board full authority to decide whether or not part-time employees may participate in a town’s contributory retirement system.
Despite the clear language of §3(2)(d), CRAB ruled that this provision was trumped by §3(l)(a)(i), which defines the term “member in service.” That provision provides in relevant part:
Member in Service — Any member who is regularly employed in the performance of his duties . .. [T]he status of a member in service shall continue as such until his death or until his prior separation from the service becomes effective by reason of his retirement, resignation, failure of reelection or reappointment, removal or discharge from his office or position, or by reason of an authorized leave of absence without pay other than as provided for in this clause . . .
CRAB held that DeFelice was a “member in service” during her many years of part-time service because she had been employed full-time for nine weeks in 2001, and was never removed, discharged, or otherwise separated from service. A. 103-104. CRAB further held that DeFelice was entitled to retroactive benefits under the provisions of G.L.c. 32, §3(3), titled “late entry into membership.” A. 104-105.[4]
The Court recognizes that CRAB’s interpretation of G.L.c. 32 is entitled to deference. However, the Court finds no reason to believe that the Legislature intended §3(1) (a)(i) to usurp the explicit statutory authority of town, cify and county retirement boards to determine the eligibility of part-time employees for membership in their systems, simply because a part-time employee briefly worked full-time. The Legislature took pains in §3(1)(a)(1) to preserve the eligibility of members in service during leaves of absence, with and without pay, describing the circumstances under which such employees continue to qualify. In contrast, the Legislature said nothing in §3(l)(a)(i) about the circumstances under which a part-time employee could become a member in service for temporarily performing full-time work. If the Legislature had wanted to limit the authority of town, city and county boards with regard to part-time employees, it would have made such an exception in §3(l)(a)(i). See Aquino v. Civil Service Commission, 34 Mass.App.Ct. 538, 541 (1993) (inclusion of one thing in a statute will imply *609 exclusion of other things, unless such application of the statute frustrates its general purposes).
The Court further concludes that DeFelice was never a “member in service” for purposes of §3(l)(a)(i), because she was never “regularly employed” as an eligible full-time employee. In Andrade v. Contributory Retirement Appeal Board, 350 Mass. 447 (1966), the petitioners had worked as court officers on a per diem, part-time basis for seven years, and then became permanent court officers after age 60. Id. at 448. They were denied membership in a county retirement system because the system excluded part-time employees, and the statute restricted eligibility after age 60. Id. at 448-49. The court officers argued that they qualified for membership in the retirement system because they had been “regularly employed” (part-time) county employees before age 60, but the Court rejected this argument, relying upon the retirement board’s authority under §3(2) (d) to exclude part-time employees. Id. at 449-50.
If DeFelice had worked a longer period of time as a full-time employee before resuming part-time work, the Court might reach a different result, based upon a finding that she had been “regularly employed” as an eligible member in service for purposes of §3( l)(a)(i). The Court concludes, however, that nine weeks of full-time work that was intended at the outset to be temporary does not constitute being “regularly employed” full-time.
For the above reasons, the Court does not believe that §3(2)(d) and §3(l)(a)(i) conflict with each other under the facts of this case. However, to the extent that a conflict exists, the more specific provision on part-time employees should take precedence over the more general definition of a member in service, as a rule of statutory construction. See Doe v. Attorney General (No. 1), 425 Mass. 210, 215-16 (1997).[5]
CRAB’s interpretation of G.L.c. 32 under the facts of this case could impose a significant burden on Stoneham and other towns that would be required to make retroactive contributions to their retirement systems. CRAB’s interpretation would also give towns a disincentive to use part-time employees to fill temporary vacancies, hurting not only the towns but also part-time employees who often welcome temporary full-time work. Indeed, in its ruling, CRAB recognized that “it may well be considered a salutary change to membership rules to limit the accrual of creditable service to those periods of time in which a member meets the eligibility requirements adopted by its retirement system.” A. 105. This Court concludes that the statute already gives retirement boards that authority under the facts of this case.
The definition of a “member in service” under §3(1) (a)(i) does not limit the Stoneham Board’s authority under §3(2)(d) to deny DeFelice membership in the town’s contributory retirement system throughout the period of her part-time employment. CRAB’s contrary interpretation is erroneous, and therefore its decision must be reversed.
CONCLUSION AND ORDER
The Stoneham Retirement Board’s Motion for Judgment on the Pleadings (Docket #7) is ALLOWED. Defendant Christine DeFelice’s Motion for Judgment on the Pleadings (Docket #8) is DENIED. The decision of the Contributory Retirement Appeal Board is reversed, and the decision of the Stoneham Retirement Board is reinstated.

 “A._” refers to the administrative record.

 The Court notes that the change in retirement system eligibility from 30 hours per week to 20 hours a week was not effective until September 24, 2005. Therefore, it is unclear from the administrative record whether all of these five pay periods post-dated the change in eligibility.

 It appears that both provisions have remained unchanged since their 1945 enactment as part of St. 1945, c. 658 (effective Jan. 1, 1946). See A. 105.

 Although the Court does not reach this issue, CRAB’s reading of G.L.c. 32, §3(3) to allow retroactive eligibility for previously eligible employees appears to be correct.

 Admittedly, this rule of statutory construction has more force if the more specific provision has been enacted subsequent to the more general provision. Id.