THOMAS P. CARLINO *vs.* COMMISSIONER OF CORRECTION.

Suffolk.    November 7, 1968. — January 6, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Criminal,* Sentence.

Where a prisoner in a correctional institution was serving two and one-half to four year sentences and twelve to fifteen year sentences concurrent with the shorter sentences at the time he received additional sentences "to take effect from and after the expiration of the sentence now being served," such additional sentences took effect from and after the expiration of the longer of the prior sentences.

BILL IN EQUITY filed in the Superior Court on October 24, 1966.

The suit was heard by *Mitchell,* J.

*Chester C. Paris* for the plaintiff.

*Willie J. Davis,* Assistant Attorney General, for the defendant.

SPIEGEL, J. This bill under G. L. c. 231A seeks to determine the time when a prison sentence imposed in the Superior Court "was to have become effective." The trial judge dismissed the bill "on the ground it was the intention of the judge to impose sentence from and after the 12–15 year sentence that . . . [the plaintiff] was serving." The case is here on the plaintiff's exception to this ruling.

On February 5, 1958, in the Superior Court for the county of Essex the plaintiff was sentenced to serve concurrently, three two and one-half to four year sentences. On April 16, 1958, in the Superior Court for the county of Barnstable he was sentenced to serve three to five years and twelve to fifteen years. This latter sentence was reduced to eight to twelve years. These sentences were to run concurrently "on and after sentence now being served." On May 14, 1959, in the Superior Court for the county of Worcester the plaintiff received five sentences of twelve to fifteen years. These sentences were to be served concurrently "with any sentence the . . . [plaintiff] may now be serving."

On June 29, 1959, in the Superior Court for the County of Middlesex the plaintiff received one nineteen to twenty year, two nine to ten year, and two four to five year sentences. These sentences were to be served concurrently and were "to take effect from and after the expiration of the sentence now being served in the M.C.I. — Walpole."[1] At the time these latter sentences were imposed the plaintiff was serving the sentences imposed in Essex County concurrent with those imposed in Worcester County.

The sole issue is whether the sentences imposed in Middlesex County are to take effect upon the expiration of the longer or the shorter sentences of those previously imposed.

The plaintiff argues that the "Middlesex sentence . . . does not with substantial certainty state when the sentence is to become effective." He contends that it is "equally susceptible to interpretation that it is to take effect from and after the expiration of the [shorter] Essex sentence . . . as well as from and after the [longer] Worcester sentence . . . ." Because of this the plaintiff maintains that "the Middlesex sentence . . . is not susceptible of a reasonably certain starting date" and that we should hold that the Middlesex sentences either " . . . [came] into effect on the date . . . [they were] imposed" or "commenced upon the expiration of the Essex sentence[s]."

---

[1] Massachusetts Correctional Institution at Walpole.

Carlino v. Commissioner of Correction.

The fact that the judge used the singular word "sentence" rather than the plural "sentences" does not, in our opinion, create any ambiguity. The phrase, "the sentence now being served," reasonably construed, means "the sentences now being served."[2] In any event, while the plaintiff is technically serving more than one sentence, as a practical matter he is serving only one. When two or more sentences are to be served concurrently, the shorter ones are considered to be "absorbed" within the longer sentence. Where a sentence is ordered to take effect "from and after the expiration of a previous sentence," the "previous sentence" is deemed to have expired when the prisoner serving it is released therefrom by parole or otherwise. G. L. c. 279, § 8A. Where the prisoner is serving concurrent sentences of different lengths, he is not released therefrom until the expiration of the longer sentence.

General Laws c. 127, § 129, as amended by St. 1955, c. 770, § 66, provides in part that "[i]f a prisoner has two or more sentences to be served concurrently or otherwise, the maximum period of time for which he may be held under his sentences shall be the basis upon which the deduction [from his sentence for good conduct] shall be determined . . . ." The same deductions apply in computing the minimum term the plaintiff must serve for the purpose of determining when he will be eligible for parole. G. L. c. 127, § 133, as amended through St. 1955, c. 770, § 69.[3] If we were to follow the plaintiff's theory, it would mean that, where concurrent sentences are imposed, the prisoner would receive the benefit of the longer sentence in computing the deductions, which would then be taken from the shorter sentence in order to determine his eligibility for parole.

---

[2] We need only point to the frequent reference in the plaintiff's brief to the "Essex sentence" and the "Worcester sentence" to illustrate the use of the word "sentence" where reference is in fact to two or more concurrent sentences.

[3] Statute 1965, c. 764, § 1, amended § 133 by eliminating the provision allowing deductions for good conduct and substituting for it a provision allowing deductions for blood donations as provided in G. L. c. 127, § 129A. The amendment, however, does not apply to persons sentenced prior to its effective date. St. 1965, c. 764, § 2. See Beaton, petitioner, 354 Mass. 670.

This, it seems clear to us, would be absurd and would defeat the very purpose of imposing concurrent sentences.

The trial judge was not required to determine the intention of the judge who imposed the sentences. Whenever a sentence is ordered "to take effect from and after the expiration" of concurrent sentences, it takes effect from and after the expiration of the longer sentence. The plaintiff's exceptions are overruled and a final decree is to be entered dismissing the bill.

*So ordered.*