363 Mass. 61                                                    61

Western Mass. Bus Lines, Inc. *v.* Department of Public Utilities.

WESTERN MASS. BUS LINES, INC. *vs.* DEPARTMENT OF
PUBLIC UTILITIES & another.

Suffolk.    January 4, 1973. — February 8, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Evidence,* Leading question, Hearsay evidence.   *Quasi Judicial Tribunal.   Public Utilities.   Carrier,* Charter service.

Leading questions to a witness at a hearing before the Department of Public Utilities were not grounds for reversal of its decision. [62–63]

Substantial justice was not denied to an opponent of a grant by the Department of Public Utilities of a license to a restricted common carrier to render charter service by motor vehicle on trips originating in Easthampton by reason of the department's acceptance "into the docket" at the hearing in Boston, but not as evidence, of unsworn petitions by Easthampton civic organizations favoring grant of the license which the department subsequently relied upon; the petitions were supported and corroborated by the licensee's testimony as to the expressed attitudes of people in Easthampton. [63]

A common carrier with offices and garage facilities in Northampton rendering charter service upon request by people in Easthampton failed to prove that a decision by the Department of Public Utilities to license a restricted common carrier to render charter service by motor vehicle on trips originating in Easthampton was not in the public interest. [63–64]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on January 29, 1971.

The case was reserved and reported by *Cutter,* J., without decision.

The case was submitted on briefs.

*Patrick A. Doyle* for Western Mass. Bus Lines, Inc.

*Robert H. Quinn,* Attorney General, & *Charles M. Furcolo,* Deputy Assistant Attorney General, for the Department of Public Utilities.

*S. Joseph Ciccia* & *Lawrence J. Kenney* for John H. Condon, intervener.

BRAUCHER, J.    John H. Condon, doing business as Condon Bus Service, of Easthampton, filed a petition

with the Department of Public Utilities (DPU) for a license to engage in the business of rendering charter service by motor vehicle, under the provisions of G. L. c. 159A, § 11A, on trips originating within the town of Easthampton. The DPU held a public hearing on the petition on May 15, 1970, and on September 23, 1970, made findings of fact and ordered that the petition be granted. Western Mass. Bus Lines, Inc. (Western), appeared in opposition at the hearing and appealed to the county court under G. L. c. 25, § 5. Condon was permitted to intervene and the case was reserved and reported without decision. The evidence is reported.

We first summarize the findings of the DPU. Condon transports children to and from school under a DPU restricted common carrier certificate issued in 1962 and restricted to Easthampton. There is no charter service based in Easthampton, and there are "deadhead mileage costs" in obtaining a vehicle from charter operators located elsewhere. These costs are a hardship on persons of limited means, such as the elderly, the infirm and the youth, and organizations representing such persons have expressed an interest in having the petition granted. A charter operator with a base in Easthampton would serve the public interest, and, based on public convenience and necessity, assist the community. Condon is fit, ready and willing to provide the services sought.

There is undisputed evidence of the following additional facts. Easthampton is a town of some 13,000 people. Western is a common carrier serving the town at a substantial loss. It has offices and garage facilities in Northampton, four miles away, and renders charter service upon request by people in Easthampton.

The claim of appeal sets forth three asserted errors of law. We discuss each briefly, and reject each claim.

1. Western contends that the DPU allowed counsel for Condon to lead Condon as a witness so that in fact the real witness was counsel rather than Condon. No objection of this sort was made at the hearing. If there had

been objection, it would not furnish ground for reversal. *Commonwealth* v. *Boudreau,* 362 Mass. 378, 379–380.

2. At the hearing Condon testified that people in civic organizations in Easthampton had expressed interest in bus service for elderly people and youth groups, and that this interest had been expressed in various petitions signed by many people. He then presented the petitions. The hearing officer refused to accept them as evidence, but said he would "accept them into the docket for whatever evidence the Commission would put upon them." The DPU findings refer to fifteen organizations which "have expressed an interest in having the petition of the applicant being favorably acted upon." Some of the organizations not named in Condon's testimony are named in the findings, and it seems apparent that the DPU relied on the petitions excluded from evidence. Western contends that the DPU was in error in relying on unsworn hearsay statements.

We have held that an administrative decision may be sustained if it is based on hearsay supported and corroborated by competent legal evidence.. *Moran* v. *School Comm. of Littleton,* 317 Mass. 591, 596–597. *Sinclair* v. *Director of the Div. of Employment Sec.* 331 Mass. 101, 103. *LaPierre* v. *Massachusetts Commn. Against Discrimination,* 354 Mass. 165, 175. Condon's testimony as to the expressed attitudes of people in Easthampton was not hearsay. *Goldman, petitioner,* 331 Mass. 647, 651. See *Commonwealth* v. *DelValle,* 351 Mass. 489, 492. The DPU has wide latitude in the admission of evidence, and we do not think the practice followed here resulted in a denial of substantial justice. G. L. c. 30A, § 11 (2). *AAA Movers* v. *Department of Pub. Util.* 354 Mass. 390, 393. The hearing was held in Boston, and we are not much impressed by the claim that a stream of elderly and young people from Easthampton should have been brought to the hearing so that Western could inquire why they were interested in charter service.

3. On the merits the DPU was free, after due consid-

eration of the public interest, to depart from its established policy of protecting existing carriers in a franchised area from encroachment by other carriers. *Holyoke St. Ry.* v. *Department of Pub. Util.* 347 Mass. 440, 450. *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.* 348 Mass. 331, 344. Western has not sustained its burden of proving that the decision was wrong.

4. A final decree is to be entered affirming the decision and order of the DPU.

*So ordered.*