*F. David Johnson,* pro se.
*Michael H. Glazer* for the plaintiff.

LEONARD L. LUSSIER *vs.* COMMISSIONER OF CORRECTION, & others. December 5, 1975. The plaintiff in this action for declaratory relief, who was paroled from a sentence of twenty-seven years to life to a shorter, from-and-after sentence which has since expired, contends that the judgment entered is erroneous by reason of its holding that the longer sentence has not expired and that he is not entitled to a discharge therefrom. The contention is based on a misreading of G. L. c. 279, § 8A, which clearly states that a previous sentence shall be deemed to have expired when a prisoner is paroled therefrom "[f]or the purpose only of determining the time of the taking effect" of the from-and-after sentence. To hold that the previous sentence has expired for *all* purposes would be to flout the express limitation of the statute. There is nothing in G. L. c. 279, § 8A, or in *Dolan's* case, 101 Mass. 219 (1869), *Harding* v. *State Bd. of Parole,* 307 Mass. 217 (1940), *Brown* v. *Com-*

*missioner of Correction,* 336 Mass. 718 (1958), or *Carlino* v. *Commissioner of Correction,* 355 Mass. 159 (1969), which supports the plaintiff's position.

*Judgment affirmed.*

The case was submitted on briefs.
*Kenneth Weiss* for the plaintiff.
*Francis X. Bellotti,* Attorney General, *John J. Irwin, Jr., & Robert V. Greco,* Assistant Attorneys General, for the defendants.