MARIE H. MADDOCKS vs. CONTRIBUTORY
RETIREMENT APPEAL BOARD; STATE RETIREMENT
BOARD, intervener.

Suffolk.  November 7, 1975. — January 7, 1976.

Present: QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*State Administrative Procedure Act.  Quasi Judicial Tribunal.  Retire-
ment.  Evidence, Before quasi judicial tribunal, Hearsay evidence.*

Under G. L. c. 32, § 3 (2) (g), the contributory retirement appeal
    board properly based its classification of a registered nurse em-
    ployed by the Commonwealth on the sole consideration of her
    duties at the time of her retirement, and where it appeared that at
    such time she was the chief hospital supervisor at the Westborough
    State Hospital the board rightly classified her in Group 1, Officials
    and general employees, including administrative workers and all
    others not otherwise classified; the nurse was not entitled to be
    classified in Group 2, even though her "regular and major duties"
    during the entire period of her employment involved the care and
    supervision of mentally ill or mentally defective persons since such
    classification is based on current job requirements at the time of
    retirement.  [492-494]
A member of the Commonwealth's contributory system who without
    prior inquiry voluntarily accepted a promotion and increase in pay,
    which had the effect of reducing her benefits upon retirement
    under G. L. c. 32, had no cause to complain, on constitutional
    grounds, of the inevitable consequences of her voluntary act.
    [494-495]
The contributory retirement appeal board's classification of a retired
    employee under G. L. c. 32, § 3 (2) (g), was warranted where its
    decision was supported by substantial evidence comprised of a
    description of title and duties furnished by the employer and of the
    employee's own testimony as to the nature and extent of her duties
    and responsibilities.  [495-497]
Under G. L. c. 30A, § 11 (8), a decision of the contributory retire-
    ment appeal board without a lengthy statement of factual and
    legal conclusions contained adequate reasons to allow the court to
    exercise its function of appellate review.  [497]

At a hearing by the contributory retirement appeal board on the subject of the retirement classification of a member of the Commonwealth's contributory retirement system, such member was not denied substantial justice by the board's exclusion of documentary evidence of the duties of the member's predecessor. [498]

PETITION filed in the Superior Court on January 23, 1974.

The case was heard by *Mason*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Lawrence E. Katz* for Marie H. Maddocks.

*Paul A. Good,* Assistant Attorney General (*Edward Quinlan,* Assistant Attorney General, with him) for the Contributory Retirement Appeal Board.

*Bernard S. Kaplan,* Special Assistant Attorney General, for the State Retirement Board, intervener.

QUIRICO, J. This is an action commenced in the Superior Court pursuant to G. L. C. 30A, § 14, for judicial review of a decision of the Contributory Retirement Appeal Board (appeal board).[1] The case is before this court on the plaintiff's appeal pursuant to G. L. c. 30A, § 15, as appearing in St. 1973, c. 1114, § 3, from the judgment entered in the Superior Court affirming the appeal board's decision with respect to the plaintiff's retirement classification and dismissing the action.[2] For the reasons here-

---

[1] The present case was commenced by the filing of a "Petition for Review" on January 23, 1974. The new Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974), adopted by order of this court dated July 13, 1973, took effect on July 1, 1974. We treat the case, however, as though it had been commenced under the new rules, thus allowing us to utilize where appropriate the terminology of the new rules in referring to the "petitioner" as the "plaintiff" and to the "petition" as an "action." See Mass. R. Civ. P. 1A, 2, 365 Mass. 731, 733 (1974); G. L. c. 30A, § 14, as amended by St. 1973, c. 1114, § 3.

[2] The appeal was originally entered in the Appeals Court and was thereafter removed by us to this court for direct appellate review. G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1.

inafter stated, we affirm the judgment entered in the Superior Court.

We summarize the relevant facts. The plaintiff, a registered nurse, was employed by the Department of Public Health (department) for the Commonwealth for approximately thirty-one years and one month, all but six months of that time being spent at the Westborough State Hospital (hospital). During her employment she held various positions as hospital attendant, head nurse, hydrotherapist, acting supervisor, and supervisor, and on May 2, 1971, she became a chief hospital supervisor, a position which she held until her retirement on July 31, 1972.

On the plaintiff's retirement, a statement describing her title and duties at the hospital was furnished to the State Board of Retirement (retirement board) by the superintendent of the hospital in accordance with G. L. c. 32, § 3 (2) (g). This statement is reproduced in full in the margin.[3] Based on the description furnished by the superintendent, the retirement board classified the plaintiff in Group 1 under G. L. c. 32, § 3 (2) (g). The plaintiff filed a notice of appeal from this classification to the appeal board.

We summarize the evidence presented to the appeal board at its hearing on the plaintiff's appeal. The retirement board introduced copies of letters which it had sent to the plaintiff, one notifying her of her classification in Group 1 and another containing the statement made by the hospital superintendent which described the plaintiff's title and duties while employed at the hospital. The

---

[3] The statement read as follows: "Chief Hospital Supervisor, Graduate Nurse from May 2, 1971 for the geographic units of this hospital. During this time she was responsible for the direction and coordination of services for five units housing 700 + patients.

"From 1958 until her May, 1971 assignment Mrs. Maddocks was the supervisor of four male wards — 2 being disturbed wards each housing 35 patients and 2 wards devoted to the care of the male rehabilitation patient. She spent more than fifty per cent of her time on the wards, planning, directing and supervising the immediate care of these unpredictable, disturbed patients."

plaintiff testified at length as to the nature of her duties and responsibilities and the length of her service at the hospital. She stated that in the various positions which she held prior to becoming a supervisor in 1958, including that of acting supervisor, her duties required her to spend approximately eighty per cent of her time in direct patient care; that during her service as supervisor, in an average day, above five and one-half out of eight hours were expended in patient care; and that after she became a chief hospital supervisor in May, 1971, the position which she held until her retirement, her average work day "didn't change very much . . . [and she] spent maybe a half hour or so more on administrative work . . . ."

On cross-examination, she testified that as a supervisor she had jurisdiction over one registered nurse, and approximately ten licensed practical nurses and twenty-four attendants; that she was responsible for approximately 275 patients; that after she became chief hospital supervisor, she was responsible for the direction and coordination of services of five units housing over 700 patients; and that as chief hospital supervisor she supervised five supervisors.

The plaintiff attempted to introduce in evidence two documents in the nature of a salary form, including a description of duties, and a decision of the retirement board, both relating to the retirement classification of the plaintiff's immediate predecessor as chief hospital supervisor. These documents were excluded by the appeal board.

The appeal board thereafter affirmed the decision of the retirement board to classify the plaintiff in Group 1, and it dismissed the plaintiff's appeal. The two-page decision of the appeal board contained a brief summary of the evidence presented at the hearing and concluded as follows: "After due consideration of all the evidence the Contributory Retirement Appeal Board finds that any testimony about [the plaintiff's] work prior to becoming Chief Hospital Supervisor has no bearing on this case.

The Board further finds that the [plaintiff] was properly classified in Group 1."

The plaintiff then commenced the present action in the Superior Court for judicial review of the appeal board's decision and the retirement board filed a notice to intervene as an interested party under G. L. c. 30A, § 14 (2). The action was heard by a judge of the Superior Court who then ordered the entry of judgment affirming the appeal board's decision and dismissing the action. The plaintiff's appeal from the judgment is now before us for decision.

1. The plaintiff contends that the appeal board erred in refusing to consider the duties she performed during the thirty years prior to serving as chief hospital supervisor from May, 1971, until her retirement on July 31, 1972. She claims that her duties in those prior years qualify her for classification in retirement Group 2, rather than in Group 1 as determined by the retirement board and the appeal board. It is undisputed that classification in Group 2 would entitle her to substantially greater retirement benefits. Drawn into issue by the plaintiff's contention are the provisions of G. L. c. 32, § 3 (2) (g), as appearing in St. 1972, c. 284, § 1, the relevant portions of which are reproduced in the margin.[4]

General Laws c. 32, § 3 (2) (g), sets forth the standards for retirement classification of public employees who are

---

[4] General Laws c. 32, § 3 (2) (g), reads in pertinent part as follows: "(g) Department heads shall furnish to the board within thirty days after the receipt of a written request therefor, a statement giving the name, title, rate of regular compensation, duties, date of birth and length and class of service of each employee in his department and thereupon the board shall classify each member in one of the following groups:

"*Group 1.* Officials and general employees including clerical, administrative and technical workers, laborers, mechanics and all others not otherwise classified" (as appearing in St. 1958, c. 321, § 3).

"*Group 2.* . . . . [E]mployees of the commonwealth or of any county, regardless of any official classification, whose regular and major duties require them to have the care, custody, instruction or other supervision of . . . persons who are mentally ill or mentally defective

members of a contributory retirement system established
by the General Laws or by any special law of the Com-
monwealth. See definition of "member" in G. L. c. 32,
§ 1. Section 3 (2) (g) contains four groups and all mem-
bers must be classified in one of those groups. Groups 3
and 4 are clearly inapplicable to the plaintiff and the
present inquiry, therefore, centers around Groups 1 and
2. Group 1 is a kind of "catch-all" category applying to
"[o]fficials and general employees including clerical,
administrative and technical workers . . . and all others
not otherwise classified." The plaintiff must fall into
Group 1 if she does not qualify for a Group 2 classifica-
tion. She claims entitlement to classification in Group 2,
however, on the basis of language which makes that
group applicable to "employees of the commonwealth
. . . whose regular and major duties require them to have
the care, custody, instruction or other supervision of . . .
persons who are mentally ill or mentally defective . . . ."
In support of her claim, the plaintiff argues that the
above language must be interpreted so as to require a
consideration of an employee's "regular and major duties"
during the entire period of his or her public employment
rather than simply at the date of retirement. We dis-
agree.

The plaintiff's argument ignores the plain language of
G. L. c. 32, § 3 (2) (g) (Group 2), a reading of which re-
veals that the present tense is used throughout the statute
in describing the duties of employment which entitle
persons to classification in Group 2. More specifically,
the statute grants a Group 2 classification to employees
"whose regular and major duties *require* them to have
the care, custody, instruction or other supervision of . . .
persons who are mentally ill or mentally defective . . . ."

or of defective delinquents or wayward children; provided, that no
member who attains age sixty-five while classified in *Group 1* may
thereafter be classified in *Group 2*, irrespective of change of employ-
ment" (as amended through St. 1972, c. 284, § 1).

(emphasis supplied).   G. L. c. 32, § 3 (2) (*g*).   We con-
cur with the conclusion of the judge of the Superior Court
that "[t]he term 'require,' used in the present tense, indi-
cates a legislative intent that the classification be based
on current job requirements at the time of retirement."
We hold that the plaintiff's classification was properly
based on the sole consideration of her duties at the time
of retirement.

   The plaintiff argues that such an interpretation of
G. L. c. 32, § 3 (2) (*g*), precluding a consideration of her
earlier employment duties, is contrary to G. L. c. 32,
§ 25 (5).   That statute, however, protects employees from
a deprivation of rights or benefits by virtue of statutory
alterations or amendments and is on its face inapplicable
to the present case.

   The plaintiff attempts to elevate her argument under
G. L. c. 32, § 25 (5), to constitutional proportions by
contending that the fact that she was not informed (she
does not specify whose duty it was to inform her) that
her acceptance of the promotion to chief hospital super-
visor would have the effect of reducing her benefits on
retirement, constitutes a violation of the impairment-of-
contract clause and the due process clause of the United
States Constitution.   In support of this contention she
cites *Opinion of the Justices,* 364 Mass. 847 (1973), in
which the Justices considered questions arising under
G. L. c. 32, § 25 (5), and the United States Constitution
with respect to proposed legislation which would amend
G. L. c. 32, §§ 1-28, the provisions on contributory re-
tirement systems for public employees in the Common-
wealth.   The issues addressed in that opinion were ma-
terially different from those involved herein.   We perceive
no constitutional rights to be implicated in the present
circumstances.   The plaintiff accepted of her own free
will a promotion in status and a concomitant increase in
pay without prior inquiry as to the legal consequences of
such a promotion.   She may not now be heard to com-

plain, on constitutional grounds, of the inevitable conse-
quences of her voluntary act.

2. The plaintiff next claims that the decision of the
appeal board to classify her in Group 1, based on an im-
plicit finding that her "regular and major duties" did not
require her "to have the care, custody, instruction or
other supervision of . . . persons who are mentally ill or
mentally defective," was unsupported by substantial evi-
dence. Under G. L. c. 30A, § 14 (7) (e), as appearing in
St. 1973, c. 1114, § 3,[5] a decision of an administrative
agency may be set aside on judicial review if the re-
viewing court determines that such decision is "[u]nsup-
ported by substantial evidence." General Laws c. 30A,
§ 1 (6), defines substantial evidence as "such evidence as
a reasonable mind might accept as adequate to support a
conclusion." *McCarthy* v. *Contributory Retirement Ap-
peal Bd.*, 342 Mass. 45, 47 (1961), and cases cited there-
in. The decision of the appeal board in the present case
is fully supported by evidence of this nature and degree.
The description of title and duties which was furnished
by the superintendent of the hospital to the retirement
board and introduced in evidence before the appeal
board, as well as testimony of the plaintiff on cross-
examination as to the nature and extent of her adminis-
trative duties and responsibilities, constituted substantial
evidence to support the conclusion that the plaintiff was
properly classified in Group 1. The appeal board was
not required to believe all of the testimony of the plain-
tiff. *Duato* v. *Commissioner of Pub. Welfare*, 359 Mass.
635, 641 (1971). It alone had the responsibility of de-
ciding preliminary questions relating to credibility and
weight of the evidence, and the court cannot review those
preliminary decisions. *American Nat'l Red Cross* v.
*Labor Relations Comm'n*, 363 Mass. 525, 527-528 (1973).
*Haley's Case*, 356 Mass. 678, 680 (1970). *Martin* v. *Di-

---

[5] The identical statutory provision was contained in G. L. c. 30A,
§ 14 (8) (e), at the time the present action was commenced.

*rector of the Div. of Employment Security,* 347 Mass. 264, 268-269 (1964).

The plaintiff contends that the description of her duties (job description) which was furnished by the superintendent of the hospital to the retirement board "by its very nature is hearsay," that the case against her "is based exclusively on this one piece of evidence," that the hearsay was not corroborated by other evidence, and therefore the decision of the appeal board is "unsupported by substantial evidence" within the meaning of G. L. c. 30A, § 14 (8) (*e*), as amended, and cannot stand. We disagree.

The plaintiff does not contend that the job description was improperly admitted in evidence. This is a document which the superintendent was required by G. L. c. 32, § 3 (2) (*g*), to furnish to the retirement board. It was admissible in evidence, and we need not decide whether it was admissible because it comes within one of the many exceptions to the hearsay rule (see *Commonwealth* v. *Slavski,* 245 Mass. 405, 413-418 [1923], for discussion of admissibility of various records made pursuant to statutory requirements) or because of the special provisions of our administrative procedure statute (G. L. c. 30A, §§ 1 [6] and 11 [2], relating to the rules of evidence applicable to administrative hearings[6]). Neither need we decide whether the rule stated in *Sinclair* v. *Director of the Div. of Employment Security,* 331 Mass. 101 (1954), that "[i]f the pertinent evidence is exclusively hearsay, this does not constitute 'substantial evidence' even before an administrative tribunal" (at 103), and that a "decision [of an administrative tribunal which] is based

---

[6] The pertinent provisions of G. L. c. 30A as to evidence follow. Section 1 (6) provides: "'Substantial evidence' means such evidence as a reasonable mind might accept as adequate to support a conclusion." Section 11 (2) provides in pertinent part: "Unless otherwise provided by any law, agencies need not observe the rules of evidence observed by courts, but shall observe the rules of privilege recognized by law. Evidence may be admitted and given probative effect only if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs."

wholly on hearsay . . . cannot stand" (at 104) has sur-vived or been otherwise affected by the enactment of our administrative procedure statute containing special evi-dentiary provisions. G. L. c. 30A, enacted by St. 1954, c. 681, § 1, and made effective on July 1, 1955, by § 22 thereof. See *Western Mass. Bus Lines, Inc.* v. *Depart-ment of Pub. Util.,* 363 Mass. 61, 63 (1973); *Framingham* v. *Department of Pub. Util.,* 355 Mass. 138, 144 (1969); *LaPierre* v. *Massachusetts Comm'n Against Discrimina-tion,* 354 Mass. 165, 175 (1968).

Our conclusion is that if, for the purpose of this de-cision, we assume but without so holding that a decision of an administrative tribunal based exclusively on uncor-roborated hearsay evidence cannot stand, that rule would not apply to the present case. The appeal board did not base its decision solely on the job description. The sum-mary of evidence in the decision covered both the job description and the plaintiff's own testimony. That testi-mony, a transcript of which is included in the record, was itself sufficient to provide whatever corroboration might be required therefor if the rule relied on by the plaintiff were applicable. The evidence considered in its entirety, as it was by the appeal board, requires a con-clusion that it constituted substantial evidence to support the board's decision.

3. The plaintiff contends that the appeal board failed to state the reasons for its decision or to determine each issue of fact and law necessary therefor, as required by G. L. c. 30A, § 11 (8). We disagree. The appeal board need not set forth a lengthy statement of factual and legal conclusions as long as its decision contains adequate reasons to allow the court to exercise its function of ap-pellate review. *Andrade* v. *Contributory Retirement Appeal Bd.,* 350 Mass. 447, 449 (1966). *Leen* v. *Asses-sors of Boston,* 345 Mass. 494, 502 (1963). Cf. *Hamilton* v. *Department of Pub. Util.,* 346 Mass. 130, 137 (1963). The appeal board's decision is sufficient for this purpose.

4. The plaintiff's last contention is that the appeal board erred in excluding documentary evidence of the duties of the plaintiff's predecessor as chief hospital supervisor, who was classified in Retirement Group 2. Assuming this issue to be properly raised by the plaintiff's action for review in the Superior Court, we find her contention to be without merit. The admission of such evidence, bearing on issues of a collateral nature, is left largely to the sound discretion of the tribunal before which it is offered. See *Leen* v. *Assessors of Boston,* 345 Mass. 494, 506 (1963); *Robitaille* v. *Netoco Community Theatre of No. Attleboro, Inc.,* 305 Mass. 265, 267-269 (1940). On the record before us it cannot be held that the appeal board abused its discretion in excluding the evidence in question. We have held in several cases that unless the admission or exclusion of evidence at an administrative hearing resulted in a denial of substantial justice, a party claiming to be aggrieved by such action has no valid complaint. *Framingham* v. *Department of Pub. Util.,* 355 Mass. 138, 144 (1969). *Sudbury* v. *Department of Pub. Util.,* 351 Mass. 214, 220 (1966). It cannot be said that the exclusion of the evidence at issue in this case resulted in the denial of substantial justice to the plaintiff.

5. The judgment entered in the Superior Court is affirmed.

*So ordered.*