GWENDOLYN JAMES *vs.* COMMISSIONER OF INSURANCE (and a companion case). September 10, 1980. The principal case is an appeal from a judgment (G. L. c. 30A, § 14) affirming a decision of the Commissioner of Insurance which found that James had violated a number of insurance and motor club statutes and which revoked her license as an insurance broker. We affirm.

1. James claims that although she received twenty-one days' notice of the date originally set for the hearing as provided by G. L. c. 176D, § 6, the hearing was rescheduled and, that she did not receive twenty-one days' notice of the rescheduled date. The purpose of giving twenty-one days' notice of the original hearing is to give the person charged a "reasonable opportunity to prepare and present evidence and argument." *New Eng. Tel. & Tel. Co.* v. *Department of Pub. Utils.*, 372 Mass. 678, 686 (1977); G. L. c. 30A, § 11(1). That function of the statutory notice has been satisfied, and twenty-one days' notice of the continuance or rescheduling is not required. Cf. *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.*, 348 Mass. 331, 340-341 (1965); *Southern Valley Grain Dealers Assn.* v. *Board of County Commrs.*, 257 N.W.2d 425, 430 (N.D. 1977).

2. James also argues that the hearing had no validity because she did not receive the seven days' notice by mail of the hearing as provided for in the rules of the division of insurance. Even if the notice was insufficient, and we in no way intimate that it was, James cannot, in the absence of a showing of prejudice, and none is here claimed, require reversal of agency action. *Aristocratic Restaurant of Mass. Inc.* v. *Alcoholic Beverages Control Commn. (No. 1),* 374 Mass. 547, 551, appeal dismissed, 439 U.S. 803 (1978). See *Dwyer* v. *Commissioner of Ins.,* 375 Mass. 227, 234-235 (1978).

3. Section 6 of G. L. c. 176D, inserted by St. 1972, c. 543, § 1, authorizes service and notice by two alternative procedures, either the method provided by law for service of process in civil actions or by registered mail to "the person affected . . . at his or its residence . . . or place of business." The alternative procedure for service by mailing indicates a legislative policy that less strict methods of service are possible and also that service on an individual can be effected at a person's place of business

without delivery in hand. We think that the Commissioner substantially complied with the provisions of c. 176D, § 6, and that valid service was made on James when she was served at the offices of the corporation of which she was vice president and an employee by leaving a copy of the complaint with the corporation's "employee clerk." In any event, even if a technical deviation from the statute occurred, it involved no prejudice and was not so "crucial" as to require invalidation of the proceedings. Cf. *Pierce* v. *Board of Appeals of Carver*, 369 Mass. 804, 805-811 (1976).

4. The record appendix is insufficient to permit review of James' contention that the Commissioner's action is not based on substantial evidence. See *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 691 (1978). Moreover, the short excerpt of the transcript which is reproduced indicates that James participated in the statutory violations.

5. The findings setting forth the plaintiff's violations of the motor club statutes (G. L. c. 174B), the insurance statutes governing agents and brokers (G. L. c. 175, §§ 163 and 166) and the statute governing unfair practices in the business of insurance (G. L. c. 176D) contain "adequate reasons to allow the court to exercise its function of appellate review." *Maddocks* v. *Contributory Retirement Appeal Bd.*, 369 Mass. 488, 497 (1976).

6. James' argument for a jury trial fails. See *Atlas Roofing Co.* v. *Occupational Safety & Health Review Commn.*, 430 U.S. 442, 455 (1977).

7. James' other claims are similarly without merit.

8. Prior to the decision of the Commissioner affirming the findings of the hearing officer, James and others brought an action, consolidated with the present action, seeking a determination that the hearing officer's decision was not final and could not be implemented pending appeal to the Commissioner. Since the challenge to the hearing officer's order is now moot, we decline to consider it, and the appeal in the companion case is therefore dismissed. In the principal case, the judgment is affirmed.

*So ordered.*

The case was submitted on briefs.
*Owen Gallagher* for Gwendolyn James.
*Francis X. Bellotti*, Attorney General & *E. Michael Sloman*, Assistant Attorney General, for the Commissioner of Insurance.