EDNA PYSZ, executrix,[1] *vs.* CONTRIBUTORY RETIREMENT
APPEAL BOARD.

Hampden.    September 16, 1988. — December 12, 1988.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH & O'CONNOR, JJ.

*Public Employment*, Retirement. *Retirement. Statute*, Construction. *Administrative Law*, Judicial review, Agency's interpretation of statute.

Under G. L. c. 32, § 3 (2) (*g*), the Contributory Retirement Appeal Board
    properly classified a retired employee of the Commonwealth in Group
    1 (officials and general employees, including administrative workers
    and all others not otherwise classified) rather than in Group 2 (employees
    whose "regular and major duties" involved the care and supervision of
    mentally ill or mentally defective persons), on the basis of findings that,
    although at the time of retirement the émployee had been employed for
    two weeks as a mental health assistant II involved in direct patient care
    of mentally ill and mentally handicapped persons, he had previously
    been employed by the Commonwealth for eighteen years in positions
    not involving patient care, had had no training for his new position, and
    had been transferred to the position solely to enable him to obtain benefits
    the Legislature designed as an incentive for the early retirement of
    employees engaged in more hazardous endeavors, when it adopted the
    classification system outlined in G. L. c. 32, § 3 (2) (*g*). [517-518]

CIVIL ACTION commenced in the Superior Court Department
on July 30, 1986.

The case was heard by *Charles R. Alberti,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Kathleen E. Sheehan,* Assistant Attorney General, for Contributory Retirement Appeal Board.

*Alan D. Sisitsky* for the plaintiff.

---

[1] Joseph Pysz, the original plaintiff in this action, died while this case
was pending in the Superior Court.

O'CONNOR, J.   General Laws c. 32, § 3 (2) (*g*) (1986 ed.
& Supp. 1987), governs the retirement classification of public
employees who are members of the Commonwealth's con-
tributory retirement system. Prior to its amendment by St.
1987, c. 697, § 20, this section stated in part: "Department
heads shall furnish to the [State Board of Retirement] within
thirty days after the receipt of a written request therefor, a
statement giving the name, title, rate of regular compensation,
duties, date of birth and length and class of service of each
employee in his department and thereupon the board shall
classify each member in one of the following groups:
    "*Group 1*. — Officials and general employees including
clerical, administrative and technical workers, laborers,
mechanics and all others not otherwise classified.
    "*Group 2*. . . . [E]mployees of the commonwealth or of any
county . . . whose regular and major duties require them to
have the care, custody, instruction or other supervision of
parolees or persons who are mentally ill or mentally defective
. . . ."[2] An employee classified in Group 2 is entitled to greater
retirement benefits than an employee in Group 1. See *Maddocks*
v. *Contributory Retirement Appeal Bd.*, 369 Mass. 488, 492
(1976). The Contributory Retirement Appeal Board (CRAB)
appeals from an order of a Superior Court judge which (1) set
aside a decision of CRAB classifying Joseph Pysz in Group
1, and (2) classified Pysz in Group 2. We transferred the case
to this court on our own motion. We vacate the order of the
Superior Court judge and remand for entry of judgment affirm-
ing CRAB's decision.
    On October 10, 1984, Joseph Pysz applied to the State Board
of Retirement for retirement in Group 2, effective on December
31, 1984. On May 7, 1985, the State Board of Retirement
classified Pysz for retirement purposes in Group 1. Pysz ap-
pealed the Group 1 classification to CRAB. An administrative
magistrate of the Commonwealth's Division of Administrative

---

[2] This is the version of G. L. c. 32, § 3 (2) (*g*), in effect when this case
was considered in the Superior Court. The statute was amended by St.
1987, c. 697, § 20. Nothing turns on whether we apply the unamended or
the amended version.

Law Appeals conducted an evidentiary hearing. Following the hearing, the magistrate made findings of fact and recommended that CRAB affirm the decision of the State Board of Retirement classifying Pysz in Group 1. CRAB adopted the magistrate's findings and, following her recommendation, affirmed the State Board of Retirement placement of Pysz in Group 1. Pysz then appealed to the Superior Court, and a judge of that court issued the order now being reviewed.

The material facts found by the administrative magistrate and adopted by CRAB are as follows. Pysz began working for the Commonwealth in 1966. From then until 1982, he worked as a provisional principal storekeeper with the Department of Public Works. In 1982, he became a principal storekeeper with the Department of Mental Health at the Northampton State Hospital, and he served in that capacity until December 15, 1984. As principal storekeeper, Pysz was responsible for purchasing supplies, and he did not perform direct patient care or custodial duties.

The magistrate also found that Pysz discussed his retirement with personnel at the Department of Mental Health, and was advised that he could increase his retirement benefits if he took a position involving direct patient care. On October 10, 1984, he filed his retirement application, and on December 16, 1984, two weeks before his retirement, he took a position as a mental health assistant, a position involving direct patient care of mentally ill and mentally handicapped persons, and thus classified in Group 2. Pysz had had no training for that position, a fact which was "a clear indication" to the magistrate that "the employer did not consider [Pysz] to be a bona fide employee with responsibilities relating to patient care." The magistrate concluded that Pysz's "employment as a mental health assistant II was a 'sham' designed to circumvent the statute." She also concluded, as did CRAB, that, given that situation, allowing Pysz to have Group 2 status would "not [be] in accordance with the legislative intent in adopting a classification system outlined in M.G.L. c. 32, § 3 (2) (*g*)."

The Superior Court judge accepted the agency's findings. However, relying on *Maddocks* v. *Contributory Retirement*

*Appeal Bd., supra* at 493-494, he ruled that the agency's decision was erroneous as a matter of law. The judge reasoned that, in *Maddocks*, this court held that, because c. 32, § 3 (2) (*g*), was written in the present tense, retirement classification must be based solely on an employee's duties at the time of retirement. Since Pysz held a Group 2 position at the time of his retirement, the judge reasoned, classifying him in Group 1 was erroneous as a matter of law.

It is true that, in *Maddocks, supra* at 494, we held that the Legislature intended that "classification be based on current job requirements at the time of retirement." However, in *Maddocks*, we did not address the issue whether an employee's position at the time of retirement, if held by him as a "sham" participated in by both the employee and the employer, determines his classification. The employee in *Maddocks* did not hold a "sham" position at the time of retirement. She had accepted a promotion and increase in pay fifteen months before her retirement. The promotion had the effect of changing her retirement classification from Group 2 to Group 1, thus reducing her benefits, unless, as she contended, her duties in a Group 2 position for the bulk of her career before the promotion entitled her to a Group 2 classification. Our rejection of the employee's contention in *Maddocks* assumed that her position at the time of retirement was bona fide. *Maddocks* is clearly distinguishable from the present case.

"We will not adopt a literal construction of a statute if the consequences of such construction are absurd or unreasonable. We assume the Legislature intended to act reasonably." *Attorney Gen.* v. *School Comm. of Essex*, 387 Mass. 326, 336 (1982). See *Carlino* v. *Commissioner of Correction*, 355 Mass. 159, 161-162 (1969); *Johnson* v. *Commissioner of Pub. Safety*, 355 Mass. 94, 99 (1968); *McCarthy* v. *Woburn Hous. Auth.*, 341 Mass. 539, 542 (1960). Where a literal interpretation would yield an absurd result, we may "presume [ ] that the Legislature intended exceptions to its language which would avoid results of this character." *Porter* v. *Nowak*, 157 F.2d 824, 826 (1st Cir. 1946).

An employee in Group 2 attains maximum benefits at an earlier age than does an employee in Group 1. G. L. c. 32, § 5 (2) (*a*). The type of employment classified in Group 2 tends to be considerably more hazardous than the employment in Group 1. Providing early retirement incentive to employees with hazardous duties, as is accomplished through Group 2 classification, has the effect of making room for younger employees better able to perform that type of work. See *Chernick* v. *Chief Admin. Justice of the Trial Court*, 395 Mass. 484, 486 n.3 (1985); *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 786-787 (1975); *Gaw* v. *Contributory Retirement Appeal Bd.*, 4 Mass. App. Ct. 250, 253 (1976). It would not be reasonable to construe G. L. c. 32, § 3 (2) (*g*), as permitting the transfer of a Group 1 employee engaged in nonhazardous work to Group 2 solely to enable the employee to obtain benefits the Legislature designed as an incentive for the early retirement of employees engaged in more hazardous endeavors. Even without reliance on the principle that an administrative agency's interpretation of a statute within its charge is entitled to some deference, see *Massachusetts Medical Soc'y* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988); *School Comm. of Wellesley* v. *Labor Relations Comm'n*, 376 Mass. 112, 116 (1978), we agree with CRAB that, to allow Pysz to be classified in Group 2 in the circumstances of this case "would circumvent the intent of the legislature when it adopted the classification system outlined in General Laws chapter 32, section 3 (2) (*g*)." Such manipulation of the system cannot reasonably be regarded as coming within the Legislature's intent. Accordingly, we vacate the order of the Superior Court judge and remand for the entry of judgment affirming CRAB's decision.

*So ordered.*